IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 MAR 20  PM 2: 18
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
           DEPUTY

GWENDOLYN MASON,
        Plaintiff,

-vs-                                                                Case No. A-14-CA-170-SS

DEL VALLE INDEPENDENT SCHOOL DISTRICT,
        Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Gwendolyn Mason's Motion to Remand [#5], and Defendant Del Valle Independent School District's Response [#7]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion and remanding the case.

### Background

This is an employment discrimination case arising out of Del Valle's decision to fire Mason from her position as the school district's Career and Technical Education Coordinator. Mason, an African American over the age of forty, alleges she was treated less favorably than similarly situated employees who were younger and Caucasian. Mason originally filed suit in the 126th Judicial District Court of Travis County, Texas, alleging violations of Texas Labor Code § 21.051, the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, and the Texas Commission on Human Rights Act. Defendants removed to this Court on the basis of federal

question jurisdiction. After removal, Mason filed an Amended Complaint removing all causes of action except her Texas Labor Code claim, and now seeks remand to the state court.

## Analysis

There is no dispute this case was within this Court's subject matter jurisdiction at the time of removal. The question is whether Mason's post-removal amendment deleting all federal claims and leaving only a single state law claim justifies remand. The Court finds remand is appropriate in this instance.

It is well established "that a post-removal amendment to a petition that deletes all federal claims, leaving only pendent state claims, *does not* divest the district court of its properly triggered subject matter jurisdiction." *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994). Although removal may have been proper, district courts still retain "discretion to remand pendent state law claims after the plaintiff has dropped the federal cause of action on which removal was originally based." *Jones v. Hous. Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992). In determining whether to remand a case presenting only pendent state law claims, "a federal court should consider and weigh . . . the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966)). Courts should also consider whether the plaintiff "has attempted to manipulate the forum" by dropping federal claims post-removal, and "take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id.* at 357.

In this case, Mason's attempt to manipulate the forum is transparent enough: the amended complaint was filed alongside the motion to remand and filed for the express purpose of securing

the state court forum. But this motivation must be balanced with other values, such as comity. As the Supreme Court recognized in *Cohill*, "[w]hen the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court ha[s] a powerful reason to choose not to continue to exercise jurisdiction." *Id.* at 351. This is a straightforward discrimination case alleging a single cause of action arising under Texas state law. The Texas state court is well equipped to handle such cases. By contrast, there is no argument other than inertia for keeping this case in federal court. Because this case was filed in January 2014, concerns over judicial economy are minimal. *See Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990) (affirming district court's decision to retain jurisdiction over pendent state law claim where the federal court "had presided over a year of discovery and was intimately familiar with the facts"). Del Valle does not suggest the federal forum will be any more convenient or more fair than the state forum. The Court therefore concludes remand is appropriate.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Gwendolyn Mason's Motion to Remand [#5] is GRANTED;

IT IS FINALLY ORDERED that this case is REMANDED to the 126th Judicial District Court of Travis County, Texas, where it originated as Cause Number D-1-GN-14-000242.

SIGNED this the 20th day of March 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE